

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

**FILED**

JUL 1 3 2011

Clerk, U. S. District Court
Eastern District of Tennessee
At Knoxville

ELIZABETH ANN SHAFER,          )

    Plaintiff,          )

                )

v.          )          Civil Action No. 3:11-CV-332

                )          Phillips/Guyton

ONLINE INFORMATION SERVICES,          )
INC.,          )          **JURY OF 12 DEMANDED**

                )

    Defendant.          )

                )

## COMPLAINT

1.      This action arises out of the violations by Defendant of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* ("FDCPA"), in its illegal efforts to collect a consumer debt which Defendant asserts is owed by Plaintiff to a third party.

### I.    Jurisdiction and Venue

2.      This Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d) as this is an action arising under federal law, and, specifically, under the FDCPA.

3.      Venue in this District is proper because Plaintiff resides in this District. Defendant directed illegal communications violating the Fair Debt Collection Practices Act into this District and, upon information and belief, the Defendant engages in business in this District under the name "Online Collections" by seeking to collect debts owed by persons located in this District.

## II.     Parties

4.     Plaintiff is an individual resident of Roane County, Tennessee.

5.     Upon information and belief, Defendant Online Information Services, Inc. is a corporation incorporated in the State of North Carolina that may be served by service of process on its registered agent for service of process, Corporation Service Company, at 2908 Poston Ave., Nashville, TN 37203.

## III.     Facts

### A.     Defendant is a "Debt Collector" as Defined in 15 U.S.C. § 1692a(6)

6.     Upon information and belief, at the time of the events complained of herein, Defendant regularly collected or attempted to collect, directly or indirectly, obligations or alleged obligations of consumers to pay money arising out of transactions in which the money, property, insurance or services which were the subject of the transaction were primarily for personal, family, or household purpose, and which obligation was owed or due or asserted to be owed or due to a person other than Defendant.

7.     In other words, at the time of the events complained of herein, Defendant was a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6).

8.     Attached hereto as Exhibit A is a copy of Defendant's website, in which Defendant advertises its services as a debt collector.

### B.     Defendant Sought to Collect a "Debt" as Defined in 15 U.S.C. § 1692a(5)

9.     Defendant attempted to collect upon an alleged debt that Defendant asserted Plaintiff owed to Harriman Utility Board ("Debt").

10.     Defendant has asserted that the Debt was incurred by Plaintiff for personal, family, or household purposes and, specifically, for utilities provided by Harriman Utility Board to a residence in which Plaintiff had resided.

11.     In other words, the Debt is a "debt" as that term is defined in 15 U.S.C. § 1692a(5).

**C.      Defendant Violated the FDCPA in Attempting to Collect the Debt**

12.     On or about May 6, 2011 Plaintiff contacted Defendant to determine what she needed to do to keep the Debt off her credit report.

13.     Defendant inquired as to when Plaintiff would be able to pay the Debt.

14.     Plaintiff responded that she intended to pay the Debt when she received her income tax refund.

15.     Defendant's representative asked whether she could set up a payment for June 1, 2011.

16.     Plaintiff responded that she could not predict whether she would receive her income tax refund by that time.

17.     Plaintiff asked whether Plaintiff could call Defendant when Plaintiff received the income tax refund to make her payment.

18.     Defendant responded that Plaintiff could do so, but asked for Plaintiff to agree to make a payment over the phone by providing her banking information.

19.     Plaintiff told Defendant that she could not pay the full amount of the Debt and stated that under no circumstances should Defendant attempt to run any such payment until Plaintiff called Defendant after receiving her income tax refund.

20.     Defendant reassured Plaintiff that Defendant would await further contact from Plaintiff before initiating any further payments using Plaintiff's banking information.

21.     Plaintiff authorized Defendant to make a small payment that day, but stated on multiple occasions that Defendant should not initiate any further payment until Plaintiff authorized Defendant to do so.

22.     Upon information and belief, Defendant made the representations that they would only initiate payments as authorized by Plaintiff in order to induce Plaintiff to provide her banking information, intending to utilize that information to obtain payment from Plaintiff's bank whether Plaintiff authorized payment or not.

23.     On or about June 2, 2011, Defendant initiated a payment, without any authorization from Plaintiff to do so, causing Plaintiff to incur fees to her bank and to "bounce" payment to other creditors, incurring fees with such other creditors.

24.     On or about June 6, 2011, when Plaintiff discovered that Defendant had initiated a payment without authorization from her, Plaintiff called Defendant to ask why Defendant had taken this unauthorized action. Defendant's representative responded that Plaintiff was lucky that Defendant had not reported Plaintiff's Debt on her credit report.

25.     Upon information and belief, Defendant does not report Debt of Plaintiff's type (including amount, payment arrangement status and days allegedly overdue) to credit reporting agencies for placement on the alleged debtor's credit report, and made the statement that Plaintiff was lucky Defendant had not done so for the purpose of causing Plaintiff to believe that Defendant legally could and in fact intended to report Plaintiff to reporting agencies immediately if she did not pay the full amount of the Debt

and disregard Defendant's unlawful initiation of an unauthorized payment, which was false.

26.    Defendant's acts of falsely representing to Plaintiff that they would not initiate unauthorized payments using Plaintiff's banking information, illegally initiating a payment using Plaintiff's banking information without Plaintiff's authorization and falsely representing to Plaintiff that she was lucky Defendant had not placed the Debt on Plaintiff's credit report violated the FDCPA, including 15 U.S.C. § 1692e's general prohibition against false and misleading communications, 15 U.S.C. § 1692e(5) and 15 U.S.C. § 1692e(10).

27.    Defendant's acts in violation of the FDCPA caused Plaintiffs damages, including emotional distress.

28.    Defendant's act of initiating a payment transaction with Plaintiff's bank without Plaintiff's authorization constituted common law conversion.

Wherefore, Plaintiff prays that the Court:

A.    Empanel a jury of 12 to try all issues of fact;

B.    Grant Judgment against the Defendant:

1.    For compensatory damages, including compensation for anguish, humiliation, embarrassment, and emotional distress, all in an amount to be proven at trial, pursuant to 15 U.S.C. § 1692k(a)(1); and

2.    For statutory damages in the amount of $1,000 for each of Defendant's violations of the Fair Debt Collection Practices Act pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3.     For punitive damages for Defendant's conversion of Plaintiff's property;

C.     Award Plaintiff her costs in this cause, including but not limited to her reasonable attorney's fees and other litigation costs pursuant to 15 U.S.C. § 1692k(a)(3);

D.     Tax the costs of the Court in this cause against Defendant; and

E.     Grant Plaintiff such other and further relief to which Plaintiff may be entitled or which the Court otherwise deems appropriate.

Respectfully submitted,

Mark N. Foster, BPR #023626
P.O. Box 192
Rockwood, TN 37854
(865) 354-3333
*Attorney for Plaintiff*